UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELISABETH KOLETAS,

    Plaintiff,

v.                                                                    Case No.: 2:23-cv-733-SPC-KCD

UNITED STATES OF AMERICA,

    Defendant.
_____/

**OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss (Doc. 13), the Response (Doc. 15), Reply (Doc. 18), and Sur-Reply (Doc. 20). For the below reasons, the Court grants the motion and dismisses this action.

This is a Federal Tort Claims Act case relating to a Transportation Security Administration ("TSA") screening at an airport. Plaintiff Elisabeth Koletas alleges that a TSA screener pulled down her underwear during a private screening to check for a prohibited item. She brings claims for battery, false arrest, intentional infliction of emotional distress, and negligence. (Doc. 1). Defendant the United States of America moves to dismiss, invoking sovereign immunity. (Doc. 13).

"[T]he United States, as a sovereign, is generally immune from suits seeking money damages." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*,

144 S. Ct. 457 (2024). Congress, however, can waive this immunity and has done so to a limited extent through the FTCA. That statute gives federal district courts exclusive jurisdiction over certain tort claims brought against the United States. *See* 28 U.S.C. § 1346. But the FTCA has exceptions, including the "intentional tort exception." Under that exception, the United States preserves its sovereign immunity from suit for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]" 28 U.S.C. § 2680(h).

But the exception does not protect the United States from suit for intentional torts by all federal employees. Appended to the intentional tort exception is a caveat. The so-called "law enforcement proviso" extends the FTCA's waiver of sovereign immunity for certain claims "that arise out of the wrongful conduct of law enforcement officers." *Millbrook v. United States*, 569 U.S. 50, 52 (2013); 28 U.S.C. § 2680(h).

Plaintiff sues the United States for intentional torts allegedly committed by a TSA screener. So the intentional tort exception would bar her claims, unless they are saved by the law enforcement proviso.[1] The law enforcement

---

[1] Along with intentional torts expressly covered by the intentional tort exception, Plaintiff brings claims for negligence and intentional infliction of emotion distress. (Doc. 1 ¶ ¶60-70). As Defendant correctly argues, these claims are barred by the intentional tort exception because they are derivative claims that arise from the same underlying conduct as Plaintiff's

2

proviso extends the FTCA's waiver of sovereign immunity to claims arising out of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" with regard to "acts or omissions of investigative or law enforcement officers of the United States Government[.]" 28 U.S.C. § 2680(h). The proviso also defines investigative or law enforcement officer to mean "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* TSA screeners don't fit the bill. TSA may call its screeners "Transportation Security Officers," but they are not "officers of the United States Government" under the FTCA. *See Corbett v. Transp. Sec. Admin.*, 568 F. App'x 690, 701 (11th Cir. 2014). Rather, they are mere employees. This distinction matters under the FTCA.

The FTCA waives immunity for tort claims based on any "act or omission of any *employee of the Government* while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1) (emphasis added). Two of the statutory exceptions to the FTCA's waiver of sovereign immunity also refer to acts or omissions of an "employee of the Government." *See* 28 U.S.C. § 2680(a), (e). The intentional tort exception preserves the United States' sovereign immunity from any claim arising out of certain intentional torts, irrespective

---

battery and false-imprisonment claims. *See Cadman v. United States*, 541 F. App'x 911 (11th Cir. 2013). Plaintiff does not seem to challenge this argument. (Doc. 15 at 13).

3

of whether that tort is based on the acts or omissions of an employee or officer. *See* 28 U.S.C. § 2680(h). But the law enforcement proviso is different. The proviso extends the United States' waiver of sovereign immunity to certain claims that arise out of the wrongful conduct of an "*officer* of the United States Government." 28 U.S.C. § 2680(h) (emphasis added). So Plaintiff's suit survives only if TSA screeners are officers of the United States.

Federal statutes, however, tell us that TSA screeners are not officers of the United States. The Aviation and Transportation Security Act (ATSA) provides that TSA "shall provide for the screening of all passengers and property . . . that will be carried aboard a passenger aircraft[.]" 49 U.S.C. § 44901(a). Like the FTCA, the ATSA distinguishes between employees and officers. *See, e.g.*, 49 U.S.C. § 44932(b) (allowing TSA to indemnify an "officer or employee" against a claim arising out of an act within the scope of "the official duties of the officer or employee"). The ATSA provides that screenings "shall be carried out by a Federal Government employee (as defined in section 2105 of title 5)[.]" *Id.* It also provides that TSA "may designate an employee . . . to serve as a law enforcement officer." 49 U.S.C. § 114(p)(1). Such an officer may "carry a firearm," "make an arrest," and "seek and execute warrants[.]" 49 U.S.C. § 114(p)(2). But TSA has not designated its screeners to serve as law enforcement officers. They remain only employees, or as Congress calls them, "security screening personnel." 49 U.S.C. § 114(e). Because TSA has not

4

designated its screeners to serve as officers—a power expressly given to TSA—they are not "officers of the United States" for purposes of the FTCA's law enforcement proviso. *See Corbett*, 568 F. App'x at 701.

This makes sense. The ATSA's distinction between employees and officers harmonizes well with the law enforcement proviso's language. Both describe officers with traditional law enforcement duties. The proviso waives immunity for claims arising out of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution"—claims that often result from law enforcement activity. 28 U.S.C.§ 2680(h). And the proviso defines "investigative or law enforcement officer" as an officer who is "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law"—that is, empowered to engage in traditional law enforcement duties. *Id*. The ATSA describes officers in very similar terms. Under that statute, officers may "carry a firearm," "make an arrest," and "seek and execute warrants[.]" 49 U.S.C. § 114(p)(2). But TSA screeners do not have traditional law enforcement duties, as described under the FTCA and ATSA, and are not officers under either statute. Because TSA screeners are not officers under the FTCA's law enforcement proviso the United States has not waived its sovereign immunity with respect to Plaintiff's claims and the Court must dismiss this action.

Accordingly, it is now

5

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 13) is **GRANTED** and this action is **DISMISSED with prejudice** for the reasons stated in this Order.

2. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 20, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record